UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA RENEE LIPTON-BEY,<br>Plaintiff,<br>v.<br>DANIEL MELENDEZ, et al.,<br>Defendants. | No. 2:26-cv-02226-DAD-CKD (PS)<br><br>ORDER |

Plaintiff Tamara Renee Lipton-Bey proceeds pro se and in forma pauperis. Plaintiff's first amended complaint is before the court for screening. (ECF No. 5.) It now clearly appears venue does not lie in this district. For the following reasons, the court will transfer this action to the United States District Court for the Central District of California.

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The general federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, the complaint's allegations involve events that occurred at the Santa Monica Beach, which is in Los Angeles County, California. (ECF No 5 at 4.) Defendants are the City of Santa Monica Police Department, the County of Los Angeles Superior Court, two individual law enforcement officers identified by name and badge number and another individual described as a state actor. (ECF No. 5 at 2-3.) The complaint does not adequately allege any defendant resides in this district. Although plaintiff listed "Sacramento, California," as the city for the "c/o" address for one individual defendant, plaintiff listed the same "c/o" street address for another defendant and identified that address as located in Santa Monica, California. (See id.) The complaint's allegations also do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). Venue does not properly lie in this district. See 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" if it is "in the interest of justice" to do so. If a district court denies such a transfer in its discretion, then the court must dismiss the suit. 28 U.S.C. § 1406(a). Transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. E.g., Ali v. Carnegie Inst. of Washington, 967 F. Supp. 2d 1367, 1391 (D. Or. 2013), aff'd, 684 F. App'x 985 (Fed. Cir. 2017). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, Wood, 705 F.2d at 1523, or if it is clear the complaint could not be amended to state a cognizable claim, see generally Lemon v. Kramer, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

There is no indication plaintiff deliberately filed this case in the wrong court, and the court is unable to conclude there are no circumstances under which plaintiff can state a cognizable claim. The court will transfer this action to the Central District of California pursuant to 28 U.S.C. § 1406(a). In transferring this action, this court expresses no opinion regarding the merits of plaintiff's complaint. Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Central District of California. Further

documents filed in the Eastern District of California related to this case will be disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is TRANSFERRED to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).
2. The Clerk of the Court shall close this case.

Dated: September 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lipt26cv2226.ven